IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CHANTEL R. N.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS<br><br>Case No. 1:21-cv-00138-CMR<br><br>Magistrate Judge Cecilia M. Romero |

The parties in this case consented to the undersigned conducting all proceedings (ECF 10). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the entire record (ECF 14-17), the parties' briefs (ECF 22, 24, 25), and arguments presented at a hearing held on November 10, 2022 (ECF 31), the court concludes that the Commissioner's decision is supported by substantial evidence and is therefore AFFIRMED for the reasons discussed below.

## I.　　BACKGROUND

Plaintiff applied for DIB and SSI in January 2017, alleging disability as of February 2016, due to physical and mental conditions that included back and neck issues, migraines, fibromyalgia, depression, and anxiety (Tr. 58–59, 79–80). Following early administrative denials and a hearing,

1

the administrative law judge (ALJ) issued an unfavorable decision in March 2019 (Tr. 16–25). The Appeals Council denied Plaintiff's request for review, and she appealed to this court, which remanded this case to the agency at the request of the Commissioner (Tr. 1–3, 1991–95, 1998).

The Appeals Council then vacated the ALJ's decision and remanded the case to the ALJ (Tr. 2003–05). As relevant here, the Appeals Council instructed the ALJ to, if warranted "obtain evidence from a medical expert" regarding the claimant's impairments and "give further consideration to the claimant's residual functional capacity" (Tr. 2004). The Appeals Council also instructed the ALJ to consider evidence that Plaintiff had 2019 earnings at the substantial gainful activity level (Tr. 2005). At a July 2021 hearing, Plaintiff, through counsel, requested a closed period disability from the February 2016 alleged onset until she returned to work in August 2019 (Tr. 1942–43).

In his August 2021 decision, the ALJ stated he "fully considered the claimant's residual functional capacity" and "obtained testimony from a vocational specialist," but that he did not find it "warranted to obtain additional evidence from a medical expert" (Tr. 1913). The ALJ then followed the familiar five-step sequential evaluation process used to assess social security claims as set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4) (Tr. 1913–28).

At step one, the ALJ found that Plaintiff had 2016 average earnings from her part-time work that did not rise to a substantial gainful activity level, but she engaged in substantial gainful activity from August 5, 2019, through the date of the decision (Tr. 1916–17). 20 C.F.R. §§ 404.1520(a)(4)(1), 416.920(a)(4)(1) (at step one, if a claimant is doing substantial gainful

2

activity, the agency will find that she is not disabled). The ALJ then addressed the closed time-period between the February 2016 alleged disability onset date and August 5, 2019 (Tr. 1917).

Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity and found that she was capable of a reduced range of light work with postural, manipulative, environmental, and mental limitations (Tr. 1919). 20 C.F.R. §§ 404.1545, 416.945 (a claimant's residual functional capacity is the most she can do despite her limitations); 20 C.F.R. §§ 404.1567(b), 416.967(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying up to 10 pounds."). Given this residual functional capacity, the ALJ found Plaintiff capable of performing her past relevant work as a bakery worker or, in the alternative, other work at three representative occupations existing at significant numbers in the national economy (Tr. 1926–27). The ALJ thus concluded that Plaintiff was not disabled and denied disability benefits (Tr. 1928). The ALJ's 2021 decision is the final agency decision for purposes of judicial review because the ALJ's 2019 decision was remanded by this court and the Appeals Council did not assume jurisdiction over the 2021 decision. 20 C.F.R. §§ 404.984, 416.1484. This appeal followed.

## II.     STANDARD OF REVIEW

The court's review is specific and narrow. As the United States Supreme Court recently restated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for substantial evidence is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might

3

accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). The doctrine of harmless error applies when "no reasonable factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

### III. DISCUSSION

Plaintiff makes two arguments (ECF 22 at 13). She argues the ALJ did not fully develop the record because he failed to attain medical expert testimony despite guidance from the Appeals Council on remand and that this caused the ALJ's decision to lack substantial evidence because the opinion from Vikas Garg, M.D. was not properly weighed (*id.*). This case was filed before the 2017 amendments to the rules regarding the evaluation of medical evidence, so the agency's regulations for weighing medical evidence in 20 C.F.R. §§ 404.1527 and 416.927 apply. *See* 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017).

### A. Plaintiff's New Argument Raised at the Hearing Is Waived.

At the hearing, Plaintiff raised a new argument alleging the ALJ did not adequately discuss his findings between the February 2016 alleged disability onset and part of 2017. The court finds that because Plaintiff did not raise this argument in the briefing before the court, the argument is waived. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and

4

discuss only those of [Plaintiff's] contentions that have been adequately briefed for our review."). The court therefore declines to consider this argument further.

**B.     The ALJ Reasonably Determined that Additional Medical Expert Evidence Was Not Warranted.**

The court acknowledges that this case presents a unique question. On remand, the Appeals Council stated the ALJ will, among other things: "If warranted, obtain evidence from a medical expert related to the nature and severity of and functional limitations resulting from the claimant's impairments (20 CFR. 404.1513a(b)(2) and 416.913a(b)(2))")[1] (Tr. 2004). The Appeals Council also stated the ALJ will: "Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the medical opinions pursuant to the provisions of 20 CFR 404.1527 and 416.927, and explain the weight given to such opinion evidence" (Tr. 2004–05). The ALJ stated that he did "not find it warranted to obtain additional evidence from a medical expert . . . because the exhibit file includes a thorough collection of the claimant's medical records, including from the claimant's treating physicians and pain clinics" (Tr. 1913). The ALJ then evaluated the medical opinions pursuant to 20 C.F.R. §§ 404.1527 and 416.927, explained the weight given to those opinions, and assessed a residual functional capacity for light work with postural, manipulative, environmental, and mental limitations (Tr. 1919).

---

[1] Sections 1513a(b)(2) and 416.913a(b)(2) provide: "Administrative law judges may also ask for medical evidence from expert medical sources." 20 C.F.R. §§ 404.1513a(b)(2), 416.913a(b)(2).

The court finds unpersuasive Plaintiff's argument that the ALJ failed to fully develop the record by not obtaining medical expert testimony. The Appeals Council instructed the ALJ to obtain evidence from a medical expert *if* warranted (Tr. 2004). The agency's regulations in 20 C.F.R. §§ 404.1520b and 416.920b and HALLEX I-2-5-34[2] set out the instances in which the ALJ must obtain medical expert testimony. None apply here.

The ALJ found the record sufficient to make a decision on Plaintiff's disability claim between February 2016 and August 2019 (Tr. 1913). As this court has held, the decision whether to call a medical expert when the above exceptions do not apply is "at the complete discretion of the ALJ." *Christie S. v. Saul*, No. 2:18-CV-00397-RJS-CMR, 2019 WL 4370061, at *4 (D. Utah Aug. 27, 2019), *report and recommendation adopted*, 2019 WL 4344371 (D. Utah Sept. 12, 2019). Because the ALJ decided this is not a case where additional medical expert evidence was required, and the Appeals Council left that decision to the discretion of the ALJ, the court finds there was no abuse of discretion.

C. **The ALJ Reasonably Weighed the Medical Opinions in Assessing Plaintiff's Residual Functional Capacity.**

The court also finds unpersuasive Plaintiff's argument that an August 2017 opinion from state agency medical consultant, Victoria Judd, M.D., was stale, and the ALJ should have given more weight to a July 2017 opinion from treating physician Dr. Garg (ECF 22 at 16–21; Tr. 118–20, 1463–64). Plaintiff argues that Dr. Garg, as the treating physician, was in the better position to

---

[2] The HALLEX is "a set of internal guidelines for processing and adjudicating claims under the Social Security Act." *Social Sec. Law Center, LLC v. Colvin*, 542 F. App'x 720, 722 n.3 (10th Cir. 2013).

provide an accurate picture of her work-related limitations and that remand is required under *Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012) (ECF 22 at 16–17). In *Chapo*, the ALJ gave great weight to a consultative examiner's opinion, and there was a material change in the evidence following that opinion. 682 F.3d at 1292–93. The Tenth Circuit held that the ALJ should have recontacted that doctor. *Id.* The court finds that *Chapo* is not applicable in the situation here where the ALJ reasonably found that additional medical expert testimony was not warranted.

Plaintiff also tries to distinguish the Tenth Circuit's holding in *Trujillo v. Comm'r, SSA*, 818 F. App'x 835, 840 (10th Cir. 2020), that stale opinions can be relied upon and given great weight if the ALJ reviewed the later medical evidence and determined the opinions were consistent with the medical evidence as a whole (ECF 22 at 17). Plaintiff argues that *Trujillo* is distinguishable because ALJ gave only "some weight" to Dr. Judd opinion and did not give great weight to any opinion in the record (*id.*). The court finds Plaintiff's argument unpersuasive. As Defendant points out, the ALJ gave Plaintiff the benefit of the doubt and found that while he agreed with Dr. Judd that Plaintiff could do light work, the record supported additional postural and manipulative limitations in excess of her opinion (Tr. 118–20, 1924). *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) (noting the record contained conflicting evidence showing that claimant either extreme mental limitations or had less severe mental limitations, and the ALJ was entitled to resolve that evidentiary conflict) (citing *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007))). The court finds the record supported the ALJ's finding.

At the hearing, Plaintiff also cited the ALJ's decision at page 1922, where the ALJ stated "it is unclear exactly how limited the claimant actually was at that time" (Tr. 1922). Plaintiff argues

the ALJ conceded that the record was unclear and therefore that medical expert evidence was required. The court finds that when read in context, the ALJ was discussing an inconsistency in the medical records. The ALJ was not making a finding that the record was entirely inconsistent. The court finds that the ALJ's decision is supported by substantial evidence and Plaintiff has not shown that this inconsistency in the medical records caused the ALJ's decision to lack substantial evidence.

Plaintiff argues based on *McGoffin v. Barnhart*, 288 F.3d 1248 (10th Cir. 2002), that an ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation, or lay opinion" (ECF 22 at 17 (citing *McGoffin*, 288 F.3d at 1252 (emphasis and citation omitted))). The court finds that this did not happen here. Rather, the ALJ provided several reasons, including lack of internal support and consistency with the evidence to discount Dr. Garg's opinion (Tr. 1921). *See* 20 C.F.R. §§ 404.1527(c)(3)-(4); 416.927(c)(3)-(4) (the ALJ considers an opinion's internal support and consistency with the evidence); *see also Jones v. Colvin*, 610 F. App'x 755, 758 (10th Cir. 2015) (distinguishing *McGoffin*, rejecting Plaintiff's argument "that the ALJ could reject [a doctor's] opinions only by citing contrary medical evidence," and finding that "[t]he lack of affirmative support in the medical record is a legitimate consideration at both steps of treating physician analysis").

Plaintiff also argues the ALJ must complete every action ordered by the Appeals Council (ECF 22 at 19, citing 20 C.F.R. § 404.977(b)). The court agrees that 20 C.F.R. § 404.977(b) imposes this duty, but the court does not find that this is a case where that duty required the ALJ

8

to obtain medical expert evidence because the Appeals Council instructed the ALJ to obtain such evidence "[i]f warranted" (Tr. 2004). Here, the ALJ reasonably explained that he did not find it warranted to obtain additional medical expert evidence (Tr. 1913).

The court also finds that ALJ explained his reasons for assessing Plaintiff's residual functional capacity and for giving some weight to Dr. Judd's opinion and little weight to Dr. Garg's opinion (Tr. 1921–22, 1924). The court can follow the ALJ's reasoning, and the court therefore finds no error in the ALJ's consideration of Dr. Judd's and Dr. Garg's opinions.

## IV. CONCLUSION

The ALJ's decision is supported by substantial evidence and the correct legal standards were applied. The Commissioner's final decision is therefore AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 21 March 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

9